## CIRCUIT COURT OF THE CITY OF PETERSBURG

Abigail E. Thurman

v.

E. E. Falk et al.

Veronica M. Lyles

v.

E. E. Falk et al.

Norma L. Rhodes

v.

E. E. Falk et al.

By JUDGE OLIVER A. POLLARD, JR.

November 29, 1985

The Defendants in this case operated an apartment complex and Plaintiff-Lyles was a tenant in one of these apartments. On August 5, 1983 Plaintiff-Lyles and Plaintiffs Thurman and Rhodes, who were guests of Lyles, were injured when the ceiling in the Lyles' apartment collapsed. Apparently the roof of the building, in which the Lyles' apartment was located, was undergoing repairs and water entered the building during a heavy storm causing the ceiling to fall.

Count IV of the Motion for Judgment alleges that Ernest Coker, t/a E. C. Roofing, as the contractor of the Defendants made certain repairs and/or improvements to the roof of the apartment building in question, and that Defendants are responsible and liable for the actions of E. C. Roofing.

Plaintiffs admit that the Roofing Company was an independent contractor and there was no negligence on the part of the Defendants in the hiring of E. C. Roofing. Defendant's Motion for Summary Judgment, directed to Count IV, should be sustained as there is no cause of action stated in the Motions as to the Defendants for any actions or omissions of E. Coker, t/a E. C. Roofing.

Defendants have demurred to Counts I and II of the Motion for Judgment. Count I alleges that the collapse of the ceiling was the direct and proximate result of the actions or omissions of the Defendants. Count II alleges that the collapse of the ceiling was the direct and proximate result of a breach of warranty of the Defendants to keep the premises in good and safe condition, etc. Defendants argue that Count I and II do not set forth a cause of action for personal injuries under Virginia law, as there is no allegation that the Defendants failed to use ordinary care in making or keeping the roof in a safe condition. Plaintiffs argue that Counts I and II allege violations of the Defendant's duty to keep the premises in a fit and habitable condition, as required by the Virginia Residential Landlord Tenant Act (VRLTA), and that such violations constitute negligence per se.

Section 55-248.13(a)(2) of the Code of Virginia requires that landlords make all repairs and do whatever necessary to put and keep premises in a fit and habitable condition. Section 8.01-221 provides that any person injured by a violation of any Statute may recover of the offender such damage as he may sustain by reason of the violation. It is clearly the law in this State that where the violation of a Statute is the proximate cause of any injury, then the wrongdoer or violator is liable therefor. Therefore, the Demurrer must be overruled as to Plaintiff-Lyles because a violation of a statutory duty has been alleged.

The Plaintiffs Thurman and Rhodes argue that they have also stated a cause of action, claiming that they

are in the same position as Plaintiff-Lyles. The Defendants disagree. For a violation of a statute to constitute negligence, it is necessary that the duty created thereby should have been for the benefit of or owed to the person claiming injury. Section 55-248.3 states the purpose of VRLTA was to revise the laws giving rights and obligations of landlords and tenants and to establish a single body of laws relating to landlord-tenant relationships. Section 55-248.4 defines "tenant" as "a person entitled under a rental agreement to occupy a dwelling unit to the exclusion of others." The Court agrees with the Defendant that the VRLTA must be strictly construed and that Plaintiffs Thurman and Rhodes are not persons for whose protection the Statute was designed. For these reasons, the Demurrers will be sustained as to Plaintiff-guests, Thurman and Rhodes.

### June 2, 1986

At the conclusion of the jury trial on April 26th Defendants moved to set aside the verdict as being contrary to the law and evidence. This Motion was taken under advisement and counsel were invited to submit memoranda relative to the Motion.

The only issue is whether the Plaintiff's evidence established that Defendant failed to keep Plaintiff's apartment and common areas, such as the roof, in a fit and habitable condition. Under a prior ruling of this Court, by letter dated November 29, 1985, such a failure would constitute negligence per se.

Upon trial it was established that Defendants operated an apartment complex, "Tanglewood," and that Plaintiff was a tenant as of August 5, 1983. That prior to that date Defendants contracted with E. C. Coker, a roofing contractor, to replace the roofing on all of the apartment buildings in the complex. On August 5, 1983, Coker removed the roof shingles of the building in which Plaintiff's apartment was located and at the end of the work day covered the area with a plastic covering or felt. Steven Moore, Maintenance Superintendent for Tanglewood, glanced at the roof at 5:00 p.m. as he was leaving the premises and observed everything appeared to be in place. At this point in time the weather was clear.

Subsequently, a rather severe rainstorm developed and sometime after 7:00 p.m. water began to enter Plain-

tiff's apartment at different places ultimately causing a 4 x 8 or 4 x 12 section of sheetrock to fall from the ceiling, striking and injuring the Plaintiff.

Section 55-248.13(a)(2) of the Code of Virginia directs that landlords shall do whatever is necessary to put and keep their rental property in a fit and habitable condition. Plaintiff's argument is simple. Since the roof permitted rain water to enter the premises, causing the ceiling to collapse, it was not in a safe condition, therefore, Defendant violated the Statute and is negligent by operation of law. Defendant, on the other hand, argues that before a defect in the premises can become a basis for liability there must be probative evidence of a violation within control of Defendants. Defendants argue that to hold them liable in this case, in the absence of any actual or constructive notice of any defect in the roof, would be to impose strict liability on them for actions which do not, as a matter of law, constitute negligence.

It is my opinion that Section 55-248.13(a)(2) places a higher duty of care upon the landlord than the common law standard of reasonable care under the existing circumstances. However, I do not agree that the Legislature intended that a landlord be liable for injuries resulting from any defect in the leased premises which might exist at any moment despite any lack of knowledge, actual or constructive, and an opportunity to correct the problem.

In this case the landlord was conducting preventive maintenance in the form of roof replacement. This work was being done by an independent roofing contractor. There was no showing or any indication that the contractor was not qualified or that the manner in which the roof was secured on August 5, 1983, was not customary or in any way improper. Further, and most importantly, there was nothing that the landlord could have done in this situation to reverse or alter the chain of events that led to the ceiling collapse. By a twist of fate Plaintiff's injuries resulted not from failure of the landlord to put and keep the property in a safe and habitable condition, but from the landlord's efforts to do what was necessary by replacing all the roofs of the complex before they deteriorated and became a safety problem.

It comes down, then, not to a question of negligence but whether the Defendant violated the statutory commands;

and it is my opinion that the Defendant did not do so, as a matter of law.

I will, therefore, sustain Defendant's Motion to Set Aside the verdict of the jury and enter judgment for the Defendant.